UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                                  No. 01-4808

WESLEY TUBBS,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-00-94)

Submitted: April 16, 2002

Decided: May 31, 2002

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Lisa A. Green, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Wesley Tubbs appeals from the district court's order revoking his probation and imposing a forty-one month sentence. Tubbs's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), addressing whether the district court abused its discretion in revoking Tubbs's probation and whether the district court erred by failing to advise Tubbs of his right to counsel, but stating that, in counsel's view, there are no meritorious issues for appeal. Although advised of his right to file a supplemental pro se brief, Tubbs has not done so. We affirm.

Upon finding a probation violation, the district court may revoke probation and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C.A. § 3565(a) (West 2000); *United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997). The uncontroverted evidence presented at Tubbs's revocation hearings established that Tubbs violated at least four conditions of his probation. Because the district court imposed a sentence within the four-year maximum for Tubbs's original offense, 21 U.S.C.A. § 843(d) (West 2000), we find no abuse of discretion.

Counsel also asserts that the district court "conceivably erred" in failing to advise Tubbs of his right to counsel, in violation of Federal Rule of Criminal Procedure 32.1(a)(2). Tubbs, however, was represented by court-appointed counsel at his revocation hearings and, therefore, any error in failing to advise him in accordance with Rule 32.1(a)(2) was harmless.

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the district court's order revoking Tubbs's probation and imposing a forty-one month sentence. This court requires that counsel inform his client, in writing,

of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*